UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

**CYBERCREW STUDIOS, LLC**, a
Delaware Limited Liability Company,
and
**ØYVIND ENGEVIK**, an individual resident
of Norway,

    Plaintiffs,

v.

**BRENDEN DEARIE**, an individual resident of
Arizona,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT OF RIGHTS IN TRADEMARK REGISTRATIONS AND INFRINGEMENT

COMES NOW, Plaintiffs, CYBERCREW STUDIOS, LLC, ("CYBER CREW") and ØYVIND ENGEVIK ("ENGEVIK"), and sues Defendant, BRENDEN DEARIE ("DEARIE"), an individual resident of Arizona, and alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Lanham Act,15 U.S.C. § 1051 et seq., for a declaratory judgment that the Plaintiffs are the owners of the respective trademark registrations at issue,

1

and that Defendants be required to assign the trademark registrations to Plaintiffs. that Defendant is committing acts of trademark infringement by virtue of using the mark, or licensing others to use the mark; and that Plaintiffs are the owners of the trademark under the common law and has the right to own the mark, and to use the trademark in its territory of use, as permitted by law.

2.      Plaintiff also seeks a Declaratory Judgment that its use of the CYBER CREW trademarks does not render it liable to the Defendant or any third party for unfair competition or dilution under federal law, 15 U.S.C. § 1125(a), (c), or (d), or the unfair competition or trademark dilution laws of any state. An actual controversy exists between the parties as to whether the Plaintiffs own, or have been or is currently infringing federally registered and/or common law trademarks allegedly belonging to the Defendant.

3.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 USC §1121, and 28 USC §1331, §1332, and 1367.  This Court has subject-matter jurisdiction over the claims set forth below under 28 U.S U.S.C. §§ 1331 and 1338(a)-(b), and over the related state statutory and common-law claims set forth below under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1338(b) and 1367(a).

4.      This is a Complaint against Defendant for declaratory and injunctive relief

based on continued and willful trademark infringement, arising under the Lanham Act, 15 USC § 1051. *et. seq.*, and 15 USC §1116, and for trademark infringement and calculated damages pursuant to state and federal law and 15 USC §1117. Plaintiffs further allege that Defendant's claim to ownership of the CYBER CREW Marks is wrongful, and fraudulent.

5. Venue is proper under 28 USC §§ 1391 because the Plaintiff, CYBERCREW STUDIOS, LLC either resides or has a principal place of business in this judicial district, and a substantial portion of the events which serve as the basis for the Complaint occur or have occurred here.

6. The acts of trademark infringement complained of occur in this judicial district.

## RELEVANT FACTS

7. On or around August 3, 2021, Plaintiff, ENGEVIK, made first use in commerce of the trademark CYBER CREW and the design comprising two C's ("CC"), for use on artistic images used in developing character driven stories. A true and accurate depiction of the first use is attached as Exhibit A.

8. Subsequently, and after Plaintiff, ENGEVIK, began his first use of the CYBER CREW Marks, Defendant DEARIE began a relationship with ENGEVIK,

in an effort to further expand the exposure and acceptance of the CYBER CREW artwork within a specific targeted community. Regardless of their agreement, DEARIE registered for himself, in his name, three (3) trademarks, namely, U.S. Reg. No.: 7,212,537 for the design Mark "CC", U.S. Reg. No.: 7,212,536, for CYBER CREW, and U.S. Reg. No.: 7,212,538, for CYBERCREW. A copy of the Registrations is attached as Exhibit B.

9. At all times relevant, after registering the CYBER CREW Marks, DEAERIE had agreed that he would assign the Marks as later instructed by Plaintiff, ENGEVIK.

10. Defendant, DEARIE, on or around January 8, 2025, decided to leave the project and made efforts to formally assign the U.S. Registrations to an entity known as CYBERCREW, but the filing was rejected by the United States patent and Trademark Office. Attached as Exhibit C is DEARIE's failed effort to assign the Marks as agreed.

11. Plaintiffs have dedicated enormous resources to promoting the business under the CYBER CREW trademarks has created jobs, and substantial goodwill in the trademarks.

12. Upon information and belief, Defendant DEARIE have now made efforts to license another, to compete with Plaintiffs, despite having no right to do so, and after having acknowledged his duty to assign the Marks that were never his to own.

13. Plaintiffs have recently sent various cease and desist letters, and demands to Defendant, demanding that DEARIE immediately stop his use of the CYBER CREW trademarks, despite having no right to do so.

14. Plaintiff, ENGEVIK, is the exclusive owner of the right to use CYBER CREW trademarks, and has assigned all rights to Plaintiff, CYBERCREW STUDIOS, LLC.

15. Defendant, DEARIE, has failed to execute assignment documents that rightfully transfer and assign the CYBER CREW Marks to Plaintiffs and the rightful owners.

16. Such unlawful competition and acts of infringement have resulted in a likelihood of confusion, and instances of actual confusion.

17. Defendant DEARIE's acknowledged efforts to assign the CYBER CREW Marks through the USPTO is evidence of his obligations to do so, and his refusal to now do so is the result of a failed effort by DEARIE to extort a sum of money from Plaintiffs for the transfer and assignment of the Registered CYBER CREW

Marks. The public has come to know only Plaintiff ENGEVIK as the source of the goods and services under which the marks are used.

18. Defendant, DEARIE, further damaged Plaintiffs by filing a fraudulent "takedown" proceeding with Epic Games, whereby he falsely caused interruption in Plaintiffs' business enterprise by falsely claiming ownership in a game that Plaintiffs produced and developed.

19. Defendant, DEARIE, after Plaintiffs properly responded to the Epic Games takedown notice, failed to follow Epic Games procedures, and that Complaint and takedown was dismissed.

20. Defendant, DEARIE, is, by virtue of using the CYBER CREW Marks, and failing to assign them as both promised, agreed, evidenced by his filing with the USPTO to do so, now is extorting Plaintiffs for money to do what he is already obligated to do. DEARIE is committing acts of trademark infringement, in violation of Plaintiffs' rights, the use is causing irreparable harm, is leading to confusion in the marketplace, resulting in damages to Plaintiffs at law.

## COUNT I-CLAIM FOR DECLARATORY RELIEF

21. Plaintiff re-alleges and incorporates by reference the averments contained in all previous paragraphs 1-21, as if fully set forth verbatim herein.

22. Plaintiff, ENGEVIK is the owner of the CYBER CREW trademarks, and has an agreement to assign them, once procured, to Plaintiff, CYBERCREW STUDIOS.

23. Defendant has no rights in the CYBER CREW trademarks, yet has undertaken acts to assert ownership over the CYBER CREW trademarks, and despite efforts to assign them through the USPTO, now refuses to do so properly and in a manner that effectuates his purpose of assigning the Marks to Plaintiffs.

24. As a result of Defendant having no rights in the CYBER CREW trademarks, and despite Plaintiffs having the exclusive right to the ownership and use of the Marks, Defendant has caused such uncertainty in the ownership of the Marks in the relevant community, and to the consuming public.

25. Plaintiffs' rights to the peaceful and exclusive rights in the CYBER CREW mark under the common law and under applicable US trademark statutes, necessitates a ruling from this Court as to the rights of the respective parties in and to the CYBER CREW trademarks.

26. Defendant, and his failure to assign the CYBER CREW Marks, is in competition with Plaintiffs, is perpetrating a fraud on the public, resulting in a likelihood of confusion.

27. Plaintiff's rights in the CYBER CREW trademark serve to estop Defendant from asserting any further rights to the Marks, and necessitates a ruling that Plaintiffs are the owners of the CYBER CREW Marks.

28. Defendant does not exercise the required dominion and control over the use of the CYBER CREW Marks, does not monitor the quality, pricing, sales, service, or other parameters of the use of the Marks, and is prohibited from asserting any further rights in the Marks.

29. Defendant is not entitled to assert infringement against the Plaintiffs by reason of acquiescence, estoppel, and latches. Plaintiffs have been using the mark prior to any use by Defendant and are the senior users of the Marks.

30. Defendant, upon information and belief, are intentionally deceiving the public as to the scope of their rights in the CYBER CREW Marks, and have refused to comply with his agreement to assign the Marks, placing Plaintiffs in the position of having to seek legal redress by this Court as to the rights under the CYBER CREW Marks.

## COUNT II-INJUNCTIVE RELIEF

31. Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

32. This is an action for injunctive relief based on continued trademark

infringement/false designation of origin under 15 USC §§1114, 1116 and 1125, and Defendant is causing a likelihood of confusion, unfair competition, and common law trademark infringement.

33. Defendant, without the consent of Plaintiffs, is using the CYBER CREW Marks in connection with the sale, offer for sale, distribution, and for use on artistic images used in developing character driven stories.

34. Defendant's use of the CYBER CREW Marks is causing irreparable harm as Plaintiffs are not able to control the goodwill associated with its CYBER CREW Marks, resulting in confusion, and damages.

35. Plaintiffs have no adequate remedy at law.

36. The harm caused to Plaintiffs far outweighs the harm to Defendant as Defendant is not entitled to benefit from trademark infringement under the law, and any harm derived is of its own doing.

37. Plaintiffs are likely to succeed on the merits, and the public is entitled to avoid a likelihood of, and, actual confusion.

## COUNT III-FEDERAL UNFAIR COMPETITION

38. Plaintiff re-alleges and incorporates paragraphs 1-21 as though set forth in full herein.

39. Pursuant to 15 USC §1125(a) and (c), Defendant's acts constitute unfair competition and false designation of origin.

40. Under Section 43(a) of the Lanham Act, Defendant's use of the CYBER CREW Marks in the sale, distribution, and use on artistic images used in developing character driven stories, constitutes unfair competition and false designation of origin by causing a likelihood of confusion as to the source and sponsorship of Defendant's goods and services.

41. Defendant's use of the CYBER CREW trademark in connection with the sale, offering for sale, distribution, and for use on artistic images used in developing character driven stories, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, as to the origin, sponsorship, or approval of their goods by Plaintiffs.

42. Defendant's use of the CYBER CREW trademark is causing and will continue to cause damage to Plaintiffs, including, but without limitation, irreparable harm for which there is no adequate remedy at law.

**COUNT IV-TRADEMARK INFRINGEMENT/FALSE DESIGNATION OF ORIGIN UNDER 15 USC §1125(a) and (c)**

43. Plaintiffs re-allege and incorporate paragraphs 1-21 as though set forth in

full herein.

44. This is an action for trademark infringement/false designation of origin under Section 43(a) of the Lanham Act, 15 USC §1114, §1115, §1117, and §1125(a) and (c).

45. Defendant, without the consent of Plaintiffs, is using the CYBER CREW Marks in connection with the sale, offering for sale, distribution, and for use on artistic images used in developing character driven stories, which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs' CYBER CREW Marks, or as to the origin, sponsorship, or approval of their goods by Plaintiffs.

46. Further, Defendant has falsely misrepresented the nature, characteristics, qualities, and geographic origin of its goods and services and commercial activities, as reflected in Defendant's product packaging, website, advertising materials, brochures, signage, and distribution materials.

47. Defendant's use of the infringing CYBER CREW Marks, as described herein, is causing and will continue to cause damage to Plaintiffs, including, but is not limited to, irreparable harm for which there is no adequate remedy at law.

## COUNT V-COMMON LAW TRADEMARK INFRINGEMENT

48. Plaintiffs re-allege and incorporate paragraphs 1 through 21 as though fully

set forth in full herein.

49. Defendant's conduct described herein constitutes common law trademark infringement under 15 USC §1125(a) unfair competition under Florida law and Fla.Stat. §495.151.

50. Defendant's conduct is willful and intentional, and has caused and is continuing to cause irreparable injury for which there is no adequate remedy at law.

### COUNT VI-DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FLA. STAT. §501.201

51. Plaintiffs re-allege and incorporate paragraphs 1-21 as though set forth in full herein.

52. This is an action under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq.

53. Defendant's actions described herein are calculated to deceive, and actually do deceive, the public into mistakenly believing that Defendant is affiliated, connected, or associated with Plaintiffs' goods and services or that Defendant's goods and services originated with or are sponsored by or approved by Plaintiffs.

54. As such, Defendant has intentionally engaged and continues to engage in unfair methods of competition, unconscionable acts or practices, and unfair,

deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat. §501.204, and are so egregious that Plaintiffs should be entitled to its fees and costs under Fla. Stat. § 201.2105.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for trial by jury, and that the Court award the following relief:

A. Temporary and/or permanent injunctive relief by enjoining Defendant, his officers, employees, and agents, and all persons or entities in active concert with him, from using, displaying, advertising, or selling their goods under, or from otherwise doing business under the CYBER CREW Marks and any other confusingly similar alternative or variation thereof;

B. Order Defendant to terminate and cancel all domain names comprising the CYBER CREW Marks, and to assign and transfer all Registrations that contain the CYBER CREW Marks;

C. Order the forfeiture, and/or destruction of any for artistic images used in developing character driven stories, web sites, or any other items or materials containing any variation of the CYBER CREW Marks;

D.  Pay damages as so permitted by applicable law, and for an award of attorney's fees for a finding of exceptional case, or that are required by law or contract;

E.  For a declaratory judgment that: (1) That Plaintiffs are the owner of the CYBER CREW Marks; (2) That the Court declare that Plaintiffs be awarded all the costs of this action, and that the Plaintiffs be awarded all expenses incurred in this litigation, including reasonable attorney's fees, by law and/or by contract; and, (3) That the Court award the Plaintiff such other and further relief as the Court deems just and equitable.

Dated: June 11, 2025

Respectfully submitted,

By:/s/ Louis R. Gigliotti/
Louis R. Gigliotti, Esq.
Louis R. Gigliotti, PA
Florida Bar No.: 71935
114 Goya Way
St. Augustine, FL 32086

Ph: (954) 471 4392
lgigliotti@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed ECF and served via electronic mail on this 11th day of June, 2025.

By: <u>/s/Louis R. Gigliotti</u>
Louis R. Gigliotti, Esq.